UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY B. ROLLINS,

       Petitioner,                          CASE NO. 23-11316

v.

                                            HON. MARK A. GOLDSMITH

ERIC RARDIN,

       Respondent.
_____/

## OPINION AND ORDER DISMISSING THE
## PETITION FOR A WRIT OF HABEAS CORPUS (Dkt. 1)

Petitioner Gary B. Rollins brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pet. (Dkt. 1). Petitioner is currently under the supervision of the Cincinnati Residential Agency Management (RRM) Field Office after being incarcerated at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). Id. In his petition, Petitioner asserts that the Bureau of Prisons (BOP) incorrectly calculated his earned time credits under the First Step Act, Public Law No. 115-391, 132 Stat. 5195 (enacted on Dec. 21, 2018) for his participation in evidence-based recidivism reduction programs and productive activities while in prison. Id. at PageID.6. Respondent filed an answer to the petition contending that it should be denied for lack of merit. See Resp. (Dkt. 7). Petitioner filed a reply brief (Dkt. 8). For the reasons explained below, the Court concludes that the habeas petition lacks merit and must be denied.

### I. BACKGROUND

Petitioner was convicted of conspiracy with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846 in the United

States District Court for the Eastern District of Kentucky and was sentenced to 160 months in prison and 8 years of supervised release. Decl. of M. Burnett at PageID.87 (Dkt. 7-1). At the time he instituted this action, Petitioner was confined at FCI-Milan, but he is presently under the supervision of the Cincinnati RRM with a release date of October 29, 2025. See BOP Inmate Locator, https://www.bop.gov/inmateloc/ (accessed on July 12, 2025).[1]

## II. ANALYSIS

Petitioner seeks habeas relief asserting that the BOP has improperly calculated his First Step Act time credits, withholding "more than 60 days" of earned credit toward his sentence Pet. at PageID. 6. Specifically, he asserts that he received a low recidivism score on November 17, 2021, but was only given ten days of credit for every 30-day period of participation in recidivism reduction programming or productive activities in prison, instead of 15 days of credit, resulting in the loss of at least 60 days of credit toward his sentence. Id. at PageID.12.

Under the First Step Act, a federal inmate can earn "10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). An inmate can earn an additional five days of credits during those 30-day periods if (1) his recidivism-risk rating is determined to be "minimum or low," and (2) "over 2 consecutive assessments, [he] has not increased [his] risk of recidivism." 18 U.S.C. § 3632(d)(4)(A)(ii); see also 28 C.F.R. § 523.42(c)(2).

The Court concludes that the BOP has properly applied those criteria to calculate

---

[1] Petitioner's release date takes into account his 365 days of earned time credits applied toward early supervised release, the maximum allowed under the First Step Act. See Decl. of M. Burnett at PageID. 84; 18 U.S.C. § 3624(g)(3). His additional earned time credits apply to his eligibility for prerelease custody in home confinement or a residential reentry center (Id.); 18 U.S.C. § 3624(g)(1)-(2).

Petitioner's earned time credits under the First Step Act. Petitioner's earned time credits under the First Step Act began to accrue on December 21, 2018 when the First Step Act was signed into law. Decl. of M. Burnett at PageID.93–94. At that time, he had a recidivism risk rating of "medium," so he earned 10 credits per month pursuant to 18 U.S.C. § 3632(d)(4)(A)(i). Id. Petitioner did not obtain a recidivism risk rating of "low" until several years later. Id. More importantly, he did not maintain that "low" recidivism risk rating, without an increase, for two consecutive assessments until December 28, 2022. Id. Consequently, it was on that date when he began earning an extra five days of credit per month pursuant to 18 U.S.C. § 3632(d)(4)(A)(ii). Id.

Petitioner's assertion that the BOP should award him an additional 60 days of credit (five additional days per month) ignores the second statutory requirement for earning those extra five monthly credits. Under that requirement, an inmate who has obtained a "low" or "minimum" recidivism risk rating must go "2 consecutive assessments" without "increas[ing]" that rating. 18 U.S.C. § 3632(d)(4)(A)(ii); see also 28 C.F.R. § 523.42(c)(2)(ii). As another court has explained, an inmate must satisfy both of the "two prerequisites" in § 3632(d)(4)(A)(ii) before he can "begin earning time credits at a rate of 15 days of credit per 30 days of successful programming." Khatiwala v. Rickard, No. 4:23-cv-00327, 2023 WL 6143509, *4-5 (M.D. Pa. Sept. 20, 2023). "Before that triggering event, Section 3632(d)(4)(A)(i) controls the rate of an inmate's time credit accrual." Id. Federal courts that have considered this issue have all reached the same conclusion. See, e.g., Williams v. Sage, No. 3:24-CV-0129, 2024 WL 1313223, *2 (M.D. Pa. March 27, 2024) (citing Khatiwala); Adkins v. Hudson, No. 23-3235-JWL, 2024 WL 623996, *2 (D. Kan. Feb. 14, 2024) (citing cases); Hulse v. Lemaster, No. 23-84-DLB, 2024 WL 439445, *1-2 (E.D. Ky. Jan.

3

16, 2024); Horning v. Keyes, No. 23-cv-316-wmc, 2023 WL 7279261, *2 (W.D. Wis. Nov. 3, 2023); Jun v. Eischen, No. 22-cv-2704 (JWB/ECW), 2023 WL 5917739, *10-13 (D. Minn. June 30, 2023) (R & R), adopted, 2023 WL 5899128, *1 (D. Minn. Sept. 11, 2023); Aipoalani v. Derr, No. 23-CV-00375-DKW-WRP, 2023 WL 6541474, *2 (D. Haw. Oct. 6, 2023). Petitioner thus fails to show that the BOP improperly calculated his earned time credits under the First Step Act. Habeas relief is not warranted.[2]

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief under 28 U.S.C. § 2241. Accordingly, the Court denies and dismisses with prejudice the petition for a writ of habeas corpus.

A certificate of appealability is not needed to appeal the dismissal of habeas petition filed pursuant to 28 U.S.C. § 2241. Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the United States Court of Appeals for the Sixth Circuit should he seek to appeal this decision.

IT IS SO ORDERED.

Dated: July 15, 2025  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
 United States District Judge

---

[2] Petitioner seems to raise additional claims challenging the BOP's calculation of his sentence in his reply brief (Dkt. 8). Claims raised for the first time in a reply brief, however, are not properly before the Court and will not be considered. See United States v. Adams, 598 F. App'x 425, 429 (6th Cir. 2015); Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 553 (6th Cir. 2008); United States v. Sanchez, No. 14-CR-20800, 2024 WL 2138616, *2 (E.D. Mich. May 13, 2024).

4

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 15, 2025.

                                            s/Joseph Heacox
                                            JOSEPH HEACOX
                                            Case Manager